■ In the Matter of DYANDRIA D., a Child Alleged to be Neglected. DYANDRIA M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [757 NYS2d 12] —Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about July 30, 1998, which, to the extent appealed from as limited by the brief, in child protective proceedings pursuant to article 10 of the Family Court Act, found that appellant mother had neglected the subject child, unanimously affirmed, without costs.

Contrary to appellant mother's contentions, petitioner established by the requisite preponderance of the evidence that she neglected the subject child emotionally, by socially isolating her, educationally, by failing to provide adequate education according to Education Law, article 65, and mentally, by creating a paranoid scenario of sexual abuse.

The record establishes that the child was absent from school without adequate excuse for one third of her first grade year and that her education was as a result demonstrably compromised (*see Matter of Ember R.*, 285 AD2d 757 [2001], *lv denied* 97 NY2d 604 [2001]). While appellant mother contended that the child's poor attendance was not attributable to neglect on her part, but to student harassment at school and the child's consequent difficulty learning there, we perceive no ground upon which to disturb Family Court's rejection of this explanation (*see id.*; *Matter of Emily PP.*, 274 AD2d 681, 683 [2000]). Nor did Family Court err in finding that appellant mother did not provide an adequate alternative education. While appellant contended that her home schooling plan was approved by the Board of Education, the caseworker testified that she was behind in her filings (*see Matter of Fatima A.*, 276 AD2d 791, 792 [2000]), and appellant failed to establish that the instruction the child received at home was comparable to that which she would have received in public school (*see id.*; *Matter of Franz*, 55 AD2d 424 [1977]).

Petitioner also established by a preponderance of the evidence that the social isolation resulting from the child's removal from school had a harmful effect on her mental and emotional condition (*see Matter of Catherine K.*, 224 AD2d 880, 881 [1996]). While appellant presented evidence of play dates, these appear to have stopped when home schooling began, and the child could not tell an examining psychiatrist the names of her friends. As the psychiatrist observed, the child's descrip-

tion of a routine in which she was in constant contact with appellant mother, even while sleeping, was not typical of a normally functioning child, but of one overly involved with her mother.

The record further reflects appellant's failure to appreciate the emotional harm suffered by the child due to her conduct, and her inability to distinguish between her own interests and those of the child (*see Matter of James MM. v June OO.*, 294 AD2d 630, 632 [2002]), as exemplified by her demonization of the child's father and fabrication of sexual abuse charges against him (*see Matter of Karen PP. v Clyde QQ.*, 197 AD2d 753 [1993]).

We have considered appellant's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.