■ In the Matter of CHRISTOPHER B., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NORMA N., Appellant. [809 NYS2d 202]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Spinner, J.), entered April 27, 2004, as, after a fact-finding hearing, found that she had neglected the subject child.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

The mother, a victim of domestic violence, argues that the Family Court determined that she neglected the child primarily based on evidence establishing only that the child was a witness to domestic violence, in contravention of the Court of Appeal's ruling in *Nicholson v Scoppetta* (3 NY3d 357 [2004]). Contrary to the arguments of the mother, the Family Court properly ruled that the mother neglected the child, as she failed to exercise the minimum degree of care to prevent the imminent danger of the emotional and intellectual impairment of the child (*see Nicholson v Scoppetta, supra* at 371). The evidence established that the child was exposed to regular domestic violence and regular drug use by the father, and that the mother lacked awareness of any impact that the domestic violence or drug use by the father had on the child (*see Nicholson v Scoppetta, supra* at 371; *Matter of Dyandria D.*, 303 AD2d 233, 234 [2003], *cert denied* 543 US 826 [2004]; *Matter of James MM. v June OO.*, 294 AD2d 630, 632 [2002]).

The mother's remaining contentions are academic. Florio, J.P., Ritter, Krausman and Covello, JJ., concur.