■ In the Matter of LAH DE W. and Others, Children Alleged to be Neglected. TAKISHA W., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [911 NYS2d 327]—

Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about February 11, 2009, which, upon a fact-finding determination that respondent mother neglected the subject children, placed the children, with the mother's consent, with the Commissioner of Social Services until the completion of the next permanency hearing, affirmed with respect to the fact-finding determination, and the appeal otherwise dismissed, without costs.

Regarding the order of disposition, no appeal lies from an order entered on the consent of the appealing party (*see Matter of Tyshawn Jaraind C.*, 33 AD3d 488 [2006]). Moreover, the placement has been rendered moot as the date scheduled for the next permanency hearing has passed (*see Matter of Stephon Elijah G.*, 63 AD3d 640 [2009]).

The finding that the mother neglected all five of her children,

including the eldest, Lah De, who was speech-impaired and developmentally disabled, was supported by a preponderance of the evidence (*see* Family Court Act § 1012 [f] [i]; § 1046 [b] [i]), which established that the children were at imminent risk of harm due to the mother's inadequate supervision, her continued use of marijuana even after the neglect petition was filed, and her failure to bring the children for several scheduled medical appointments. Records at the shelter where the mother and her children resided showed, inter alia, that she had, on several occasions, left her children, then ages 14, 11, 6, 5 and 1, unattended at the shelter, and permitted them to ride the subway late at night without her. These findings as to all the children clearly belie the implication of the dissent that the finding regarding the oldest child was limited to just one incident (*see Matter of Sasha B. [Erica B.]*, 73 AD3d 587 [2010]). Concur— Sweeny, J.P., Richter, Manzanet-Daniels and Román, JJ.

Freedman, J., dissents in part in a memorandum as follows: I respectfully dissent from so much of the majority opinion as affirms the determination that respondent mother neglected Lah De, age 14. While I agree that the mother used poor judgment in allowing the children to ride the subway late at night on one occasion under the supervision of Lah De and the 11-year-old Joseph, I find that incident insufficient for finding that she neglected Lah De. Although Lah De had a speech impediment (which his mother refused to characterize as a developmental disability), he was attending school regularly at the proper grade level for his age, was supposed to be receiving occupational therapy, and had traveled on the subway alone on prior occasions. During his 14 years, he was well cared for and had no other health problems that had not been addressed. There is no evidence in the record that he could not communicate with adults. To the extent there was evidence that the other children had been left in his care on other occasions, it was for brief time periods. For these reasons, I agree with the recommendation of the Law Guardian and would vacate the finding of neglect as to Lah De. With respect to the other children, I concur with the majority.