In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffmann, J.), dated August 18, 2011, which, after a hearing, found that she neglected the subject child and placed the child with her under the supervision of the Suffolk County Department of Social Services and subject to certain terms and conditions.
Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.
*520 “[A] party seeking to establish neglect must show, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), first, that a child’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship” (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]). In a child-protective proceeding, “[u] ns worn out-of-court statements of the [subject child] may be received and, if properly corroborated, will support a finding of abuse or neglect” (Matter of Nicole V., 71 NY2d 112, 117-118 [1987]; see Family Ct Act § 1046 [a] [vi]; Matter of Jada K.E. [Richard D.E.], 96 AD3d 744 [2012]). Moreover, the Family Court’s assessment of the credibility of witnesses is entitled to considerable deference (see Matter of Irene O., 38 NY2d 776 [1975]; Matter of Yanni D. [Hope J.], 95 AD3d 1313 [2012]).
Here, the evidence adduced at a hearing established that the child was exposed to domestic violence. The mother testified that she and the father had a history of domestic violence and admitted that the child had witnessed at least one act of domestic violence when the father choked her and she bit the father. Further, a caseworker testified that the child had told her that he had witnessed his parents hitting each other on numerous occasions and that such fighting frightened him. Contrary to the mother’s contention, the finding of neglect against her was supported by a preponderance of the evidence, as she failed to exercise the minimum degree of care to prevent the imminent danger of the emotional and mental impairment of the subject child (see Family Ct Act §§ 1012 [f] [i]; 1046 [a] [vi]; Nicholson v Scoppetta, 3 NY3d at 371-372; Matter of Clarissa S.P. [Jaris S.], 91 AD3d 785 [2012]; Matter of Angelique L., 42 AD3d 569, 571-572 [2007]; Matter of Christopher B., 26 AD3d 431 [2006]; Matter of James MM. v June OO., 294 AD2d 630, 632 [2002]; Matter of Deandre T., 253 AD2d 497 [1998]). Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.