(July 7, 2016)

In the Matter of MALIK S., a Child Alleged to be Neglected. LATANGYA B., Appellant; ADMINISTRATION FOR CHILDREN'S SER-VICES, Respondent. [34 NYS3d 56]—

Order of disposition, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about August 19, 2014, which, upon a fact-finding determination that respondent mother had neglected the subject child, released the child to the mother's custody with supervision by petitioner Administration for Children's Services (ACS) for six months, unanimously affirmed, without costs. Appeal from fact-finding order, same court and Judge, entered on or about February 10, 2014, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

ACS proved by a preponderance of the evidence that the mother had neglected the child by failing to supply the child with adequate education (*see* Family Ct Act §§ 1012 [f] [i] [A]; 1046 [b] [i]). The child was absent for 134 out of 139 days during the 2012-2013 school year, and the mother presented no evidence to support her claim that she could not control the 15-year-old child, despite her best efforts. The mother claimed that she was attempting to transfer the child to a different school, but presented no specific evidence as to her efforts in this regard, the obstacles she encountered, or the amount of time she devoted to this effort (*see Matter of Danny R.*, 60 AD3d 450 [1st Dept 2009]; *Matter of Dyandria D.*, 303 AD2d 233, 233 [1st Dept 2003], *lv dismissed* 1 NY3d 623 [2004], *cert denied* 543 US 826 [2004]).

Family Court also properly based its neglect finding on the mother's failure to provide proper supervision or guardianship (*see* Family Ct Act § 1012 [f] [i] [B]). The mother allowed the child to live for long periods of time with someone else without determining if the environment was appropriate and safe for a

15-year-old child. Further, the mother admitted that she was aware that the child was missing and elected not to telephone the police or any other authority.

Family Court properly declined to grant an adjournment in contemplation of dismissal (see Family Ct Act § 1039 [a]), and properly refused to allow ACS to withdraw the petition (see CPLR 3217 [b]). Nor did Family Court err in refusing to reconsider, at the end of the fact-finding hearing, the mother's motion to dismiss the petition (see Family Ct Act § 1051 [c]). The mother first moved to dismiss the petition at the end of ACS's case, and Family Court denied that motion. The mother then rested without presenting any witnesses or evidence. Accordingly, the record when ACS rested was identical to the record at the end of the fact-finding hearing, and Family Court properly refused to reconsider the motion to dismiss. Family Court noted that the mother could make her motion again at the dispositional hearing, but she failed to do so. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.