■ In the Matter of ANTONIO S. and Others, Children Alleged to be Neglected. ANTONIO S., SR., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [61 NYS3d 226]—

Order, Family Court, Bronx County (Robert Hettleman, J.), entered on or about June 10, 2016, which, to the extent appealed from as limited by the briefs, after a combined fact-finding and Family Ct Act § 1028 hearing, determined that respondent father neglected the children Antonio S. and Jordan S., and derivatively neglected Jayden B., unanimously affirmed, without costs.

A preponderance of the evidence supports the Family Court's finding that the father neglected Antonio and Jordan by failing to provide proper supervision, failing to provide sufficient food, and inflicting excessive corporal punishment on them (*see* Family Ct Act § 1012 [f] [i] [A], [B]; *see Matter of Alex R. [Maria R.]*, 81 AD3d 463 [1st Dept 2011]; *Matter of Lah De W. [Takisha W.]*, 78 AD3d 523 [1st Dept 2010]). The caseworker testified that both Antonio and Jordan told her that their father left them alone for extended periods, did not provide adequate food, and hit them with a belt or his hand when they did not clean or refused to panhandle, so that they were afraid of him. The children's out-of-court statements were properly admitted into evidence because they cross-corroborated each other, and were partly corroborated by the mother's testimony that she found them left alone in the father's residence, without food, and had seen the father slap Antonio and seen marks on Antonio's body (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 123-124 [1987]; *Matter of Nephra P.I. [Shanel N.]*, 139 AD3d 485 [1st Dept 2016], *lv denied* 27 NY3d 912 [2016]; *Matter of Jayden R. [Jacqueline C.]*, 134 AD3d 638 [1st Dept 2015]).

The children's statements were sufficient to support a finding of excessive corporal punishment, beyond what was reasonable to discipline the children (*see Matter of Alex R. [Maria R.],* 81 AD3d at 463). The Family Court properly drew a negative inference from the father's failure to testify (*Matter of Nicole H.,* 12 AD3d 182 [1st Dept 2004]), and providently exercised its discretion in denying the father's application to compel the children to testify.

The evidence of the father's neglect of the older children demonstrates such an impaired level of parental judgment as to create a substantial risk of harm to any child in his care, thus supporting the finding that he derivatively neglected the youngest child (*see Matter of Jayden R. [Jacqueline C.];* Family Ct Act § 1046 [a] [i]). Concur—Friedman, J.P., Manzanet-Daniels, Kapnick, Kern and Singh, JJ.