Matter of Jayden J. (Florence J.) (2020 NY Slip Op 03607)





Matter of Jayden J. (Florence J.)


2020 NY Slip Op 03607


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11705 -44347/15

[*1] In re Jayden J., A Dependent Child Under the Age of Eighteen Years, etc., Florence J., Respondent-Appellant, The New York Foundling Hospital, Petitioner-Respondent.


George R. Reed, White Plains, for appellant.
Daniel Gartenstein, The New York Foundling Hospital, New York, for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, New York County (Adetokunbo Fasanya, J.), entered on or about February 22, 2018, which denied respondent mother's motion to vacate an order of disposition, same court and Judge, entered on or about September 19, 2017, terminating her parental rights and freeing the subject child for adoption, unanimously affirmed, without costs.
The court's denial of respondent's request for an adjournment of the fact-finding and dispositional hearings was not an abuse of discretion (see Matter of Steven B, 24 AD3d 384, 385 [1st Dept 2005], affd 6 NY3d 888 [2006]).
The court properly denied vacatur of the dispositional order, since respondent failed to show a reasonable excuse for her default (see CPLR 5015; Matter of Messiah G. [Giselle F.], 168 AD3d 420 [1st Dept 2019], lv dismissed in part, denied in part 32 NY3d 1212 [2019]). Respondent admits that, on each of the two successive days of the fact-finding and dispositional hearings, she arrived at Family Court, checked in, but then left before her case was called. Respondent argued that she had a reasonable excuse for not appearing in court because she was ill. She does not dispute that, on the first day, she left without telling her counsel that she was leaving. Respondent's explanation for not appearing on the first day of the scheduled fact-finding hearing was unsupported by any evidence, and she admits that she did not seek medical treatment for any illness that day (see Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428 [1st Dept 2010], lv dismissed 15 NY3d 766 [2010]). On the second day, her medical records show that respondent did not go to the hospital until approximately four hours after she was required to appear in court, and even then, was diagnosed with only mild symptoms (see Matter of Monica Irene C., 262 AD2d 69, 70 [1st Dept 1999]).
Because respondent failed to establish a reasonable excuse
for her default, we need not reach the issue of whether she
established a meritorious defense (see U.S. Bank Nat. Ass'n v Brown, 147 AD3d 428, 429-430 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK