Matter of B. V. (Jacquella W.) (2023 NY Slip Op 05456)

Matter of B. V. (Jacquella W.)

2023 NY Slip Op 05456

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Kennedy, JJ. 

Docket No. N-02472/21 N-02473/21 N-02474/21 N-02475/21 Appeal No. 903 Case No. 2023-00129 

[*1]In the Matter of B. V., and Others, Children Under Eighteen Years of Age, etc., Jacquella W., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent. 

Anne Reiniger, New York, for Jacquella W., appellant.
Larry S. Bachner, New York, for Anthony M., appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.
Twyla Carter, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Supreme Court, Bronx County (E. Grace Park, J.), entered on or about December 16, 2022, which to the extent appealed from as limited by the briefs, after a hearing, found that respondent mother and respondent Anthony M., a person legally responsible for the subject children, neglected the children, unanimously affirmed, without costs.
A preponderance of the evidence supports the Family Court's determination that the mother, and respondent Anthony M., who is in a relationship with the mother and a person legally responsible for the subject children, neglected A.V. (the child). The testimony of the mother and Anthony M., establish that the mother and Anthony M. repeatedly punished the child by isolating the child in the child's room, for extended periods of time, keeping the child from the child's siblings and family, resulting in the child having suicidal ideations. Anthony M. also subjected all four children to verbal abuse, threats of physical violence and physical abuse (see Matter of Dyandria D., 303 AD2d 233 [1st Dept 2003], lv dismissed 1 NY3d 623 [2004], cert denied sub nom. Dyandria M. v Administration for Children's Services, 543 US 826 [2004]; Matter of Alethia R. [Jaynie T.J.], 191 AD3d 615 [1st Dept 2021]; Matter of Michele S. [Yi S.], 157 AD3d 551, 552 [1st Dept 2018]). The mother failed to intervene and protect the children from Anthony M.'s abuse (see Matter of Anais G. [Lionell M.], 187 AD3d 439 [1st Dept 2020]). The children's consistent, cross-corroborating accounts reliably support the court's findings (see Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 420-421 [1st Dept 2017]). The Child Protective Specialist also testified that he personally observed Anthony M.'s anger and disparagement of the child in the child's presence.
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023