Matter of M. H. (Ricardo D.) (2025 NY Slip Op 03280)

Matter of M. H. (Ricardo D.)

2025 NY Slip Op 03280

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Docket No. N18706/22, N18707/22, N18708/22|Appeal No. 4517|Case No. 2024-02359|

[*1]In the Matter of M. H. and Others Children Under Eighteen Years of Age, etc., Ricardo D., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent.

Larry Bachner, New York, for Ricardo D., appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for Lisa M. C., appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Chloé K. Moon of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the children.

Order of fact-finding, Family Court, Bronx County (E. Grace Park, J.), entered on or about March 15, 2024, which determined, after a hearing, that respondent mother and respondent Ricardo D., a person legally responsible, neglected the subject children, unanimously affirmed, without costs.
The findings of neglect are supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]) and there is no basis to disturb the court's credibility determinations. Family Court providently admitted the agency case notes into evidence under the business records exception to the hearsay rules (see CPLR 4518[a]), after the caseworker's supervisor, who was familiar with the agency's record-keeping practices, laid a proper foundation (see Matter of K.M. [O.M.], 228 AD3d 406 [1st Dept 2024]). The court invited all counsel to make further inquiry, but they declined to do so.
The "children's consistent, cross-corroborating accounts" given separately to the caseworker were properly admitted and support the court's finding that the mother neglected them by using excessive corporal punishment (Matter of B. V. [Jacquella W.], 220 AD3d 605, 606 [1st Dept 2023]; see Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 420 [1st Dept 2017]). Two of the children stated that the mother struck them with a belt, and two of the children stated that she "whooped" the four-year-old child with a spatula, which constitutes excessive corporal punishment (see Matter of D.P. [L.C.], 227 AD3d 549, 550 [1st Dept 2024]; Matter of Paige [Kodjo T.], 189 AD3d 563, 564 [1st Dept 2020]).
Respondent Ricardo is a person legally responsible for the children. The children's cross-corroborating accounts showed that, after the mother picked them up for a visit, she brought them to Ricardo's car, where they saw he had a gun and called their father. The children reported that, when their father arrived, Ricardo punched him, leading to a fight, and scaring the children. This evidence that the children were in close proximity to violence directed against a family member supports the finding that Ricardo neglected the children (see Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429, 429 [1st Dept 2019]).
The court providently exercised its discretion in declining to grant a missing witness charge or draw a negative inference as to a caseworker who was unavailable due to an ongoing confidential medical emergency and whose testimony otherwise would have been cumulative. The court reached the same conclusion as to the father, whose testimony concerning the fight with Ricardo likely would have been cumulative of the children's statements (see Brown v Voda Realty LLC, 228 AD3d 450, 451 [1st Dept 2024]).
We have considered respondents' remaining arguments and reject them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025