Matter of A.C. (A.C.) (2026 NY Slip Op 00611)

Matter of A.C. (A.C.)

2026 NY Slip Op 00611

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Docket No. NN-17231-24, NN-17233-24, NN-17232-24, NN-17235-24, NN-17234-24|Appeal No. 5781|Case No. 2025-03350|

[*1]In the Matter of A.C., and Others, Children Under Eighteen Years of Age, etc., A.C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Bo-Malin Mayor of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society (Susan Clement of counsel), attorney for the child.

Corrected order of fact-finding and disposition (one paper), Family Court, Bronx County (Gigi N. Parris, J.), entered on or about May 6, 2025, which, to the extent appealed from as limited by the briefs, after fact-finding and dispositional hearings, determined that respondent mother neglected the five subject children, unanimously affirmed, without costs.
The finding of neglect was supported by a preponderance of the evidence establishing that the mother had neglected the children by leaving them unattended and using excessive corporal punishment (see Family Court Act §§ 1012 [f] [i] [B], 1046 [b] [i]). The testimony at the hearing demonstrated that in July 2024, the then 11-year-old child told a caseworker who knocked on the door that the child was alone with the nine- and six-year-old siblings, and that the mother told the child to lie about being home alone should a caseworker visit the home. The child also reported that the mother often left the three younger children home alone, including at night, and did not tell them where she was going. This statement was corroborated by the child's then 13-year-old and 9-year-old siblings, both of whom reported to the caseworker that the mother left them alone often, including overnight. Although the court previously ordered the mother to properly supervise the children and comply with a referral to preventive services, the mother refused services and, a few months later, shelter staff again found that the three younger children were left alone (see Matter of Lah De W. [Takisha W.], 78 AD3d 523, 524 [1st Dept 2010]; Matter of Joyce A-M. [Yvette A.], 68 AD3d 417, 418 [1st Dept 2009]).
When the mother's absence was discovered this second time, she hit her then 11-year-old child with a phone and tried to leave the shelter with the children. Two of the children reported to the caseworker that the mother would discipline them by hitting them with phone charger cords and belts (see Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]).
At a minimum, the two children cross-corroborated each other's statements concerning the mother's physical discipline (see Matter of Jaiyana S. [Perla S.], 222 AD3d 503, 504 [1st Dept 2023], lv denied 41 NY3d 907 [2024]), which was further corroborated by the medical records (see Matter of S.A. [S.F.], 235 AD3d 523, 524 [1st Dept 2025]). Moreover, the New York City Police Department records documenting the mother's arrest after the three younger children were found to have been alone for three hours, also substantiates that finding (see Matter of M.H. [Ricardo D.], 239 AD3d 411, 412 [1st Dept 2025]). Based on the mother's failure to testify, the court was allowed to draw the strongest inference against the mother that the opposing evidence permitted (see Matter of Devante S., 51 AD3d 482, 482 [1st Dept 2008]).
The mother offered no excuse, let alone a reasonable excuse, for her failure to appear on the last day the hearing, and thus, it was within the court's discretion to deny an adjournment (see Matter of Jayden J. [Florence J.], 184 AD3d 527, 527 [1st Dept 2020], lv dismissed 35 NY3d 1099 [2020]). Moreover, the mother failed to avail herself of the court's offer to reopen the hearing were she to proffer a reasonable excuse for her failure to appear.
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026