■ In the Matter of ALIYAH B. and Another, Children Alleged to be Neglected. DENISE J., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. JAMES B., Nonparty Respondent. [930 NYS2d 2]—

A preponderance of the evidence supports the court's finding that the mother neglected her children by committing acts of domestic violence against the children's father in the children's presence (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Enrique V. [Jose U.V.]*, 68 AD3d 427 [2009]). The out-of-court statements made by one of the children regarding the mother's attacks on the father were corroborated by the father's testimony, the responding police officer's testimony, and the out-of-court statements of the mother's daughters (*see Matter of Nicole V.*, 71 NY2d 112, 118-119, 124 [1987]). "No expert or medical testimony is required to show that the violent acts exposed the children to an imminent risk of harm" (*Enrique V.*, 68 AD3d at 427).

A preponderance of the evidence also supports the court's finding of educational neglect as to one of the children. The record shows that, for the 2008-2009 school year, the child missed 64 out of 181 days of school and was late 38 out of 181 days. Evidence of excessive unexcused absences from school will support a finding of neglect (*see Matter of Annalize P. [Angie D.]*, 78 AD3d 413, 414 [2010]). The child's guidance counselor testified that he had contacted the mother on numerous occasions

regarding the child's truancy, and there is no basis for disturbing the court's credibility determinations (*Enrique V.*, 68 AD3d at 427).

The court properly determined that it was in the best interests of the children to be released to the custody of their father (Family Ct Act § 1052 [a] [ii]). The mother failed to cooperate with the agency or address the domestic violence issues that led to the removal of her children. By contrast, the father had taken steps to cooperate with family services and to create a stable home for his children (*see Matter of Jason M.*, 146 AD2d 904, 905 [1989]).

Given the court's finding that the mother committed acts of domestic violence against the father, which was supported by a preponderance of the evidence, it providently exercised its discretion in issuing an order of protection prohibiting her from contacting her children for a period of one year (*see* Family Ct Act § 1054 [a]; § 1056 [1]; *Matter of Stefani C.*, 61 AD3d 681 [2009]).

During the pendency of the neglect proceeding, the mother never moved for a hearing pursuant to *Matter of Tropea v Tropea* (87 NY2d 727 [1996]) to prevent the relocation of the children to another jurisdiction. Accordingly, her argument that the court improperly permitted the children to relocate to Pennsylvania with the father is unpreserved, and we decline to review it in the interest of justice. Were we to review it, we would reject it. A preponderance of the evidence demonstrates that the father's relocation to Pennsylvania is in the children's best interests (*Matter of Jennings v Yillah-Chow*, 84 AD3d 1376, 1377 [2011]). The father informed ACS that he wanted to move to Philadelphia to live in his sister's home in order to improve the children's lives. Pennsylvania Child Protective Services assessed the sister's home and found it to be appropriate and safe. In addition, the children's expression of a clear preference for remaining in the father's care in Pennsylvania "is entitled to some weight" (*Jennings*, 84 AD3d at 1377). Concur—Tom, J.P., Catterson, Renwick, Freedman and Manzanet-Daniels, JJ.