Order of fact-finding, Family Court, New York County (Susan K. Knipps, J.), entered on or about June 29, 2012, which, following a hearing, determined that respondent mother had neglected the children Leeana E and Shamiah E, and derivatively neglected the child Nia J., unanimously affirmed, without costs.
The record demonstrates by a preponderance of the evidence that on January 12, 2012, respondent neglected Leeana and Shamiah by engaging in an altercation with a man in front of *567 the children while she held two knives. Contrary to respondent’s contentions Shamiah’s out-of-court statement that respondent was holding two knives while she argued with a man was sufficiently corroborated by the security guard’s testimony that he saw respondent holding a knife when he arrived at respondent’s apartment (see Matter of Aliyah B. [Denise J.], 87 AD3d 943, 943 [1st Dept 2011]). The security guard’s observations that the children were sitting on the bed and “appeared to be crying,” and that one child “was shaking from the situation,” is sufficient to demonstrate by a preponderance of the evidence that their emotional well-being had been impaired by the altercation they had just witnessed (see Matter of Jessica R., 230 AD2d 108, 111-112 [1st Dept 1997]).
In addition, a preponderance of the evidence demonstrates that on January 19, 2012, respondent neglected Leeana and Shamiah by failing to promptly pick them up from a caseworker, who had agreed to watch them while respondent traveled back from the agency. Indeed, the record demonstrates that respondent failed to contact the caseworker for approximately three hours to determine whether the caseworker could continue caring for them or that their needs were being met, which caused the caseworker to have to contact ACS so that an emergency removal of the children from the shelter could be performed to ensure their safety (see Matter of Joyce A-M. [Yvette A.], 68 AD3d 417, 418 [1st Dept 2009]).
Lastly, a preponderance of the evidence supports the Family Court’s determination that respondent had derivatively neglected Nia, even though the child did not live with respondent when the neglect occurred, because respondent suffers from such an impaired level of parental judgment as to create a substantial risk of harm for any child in her custody (see Matter of Kylani R. [Kyreem B.], 93 AD3d 556, 557 [1st Dept 2012]). Concur — Mazzarelli, J.P., Renwick, Manzanet-Daniels, Gische and Clark, JJ.