Matter of Isis U. (Ayesha A.) (2014 NY Slip Op 05027)
Matter of Matter of Isis U. (Ayesha A.)
2014 NY Slip Op 05027
Decided on July 3, 2014
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and subject to revision before publication in the Official Reports.
Decided on July 3, 2014
Gonzalez, P.J., Acosta, DeGrasse, Freedman, Richter, JJ.


12958

[*1] In re Isis U., etc., and Others, Children Under Eighteen Years of Age, etc., Administration for Children's Services, Petitioner-Appellant,
and
Ayesha A., et al., Respondents-Respondents.
Zachary W. Carter, Corporation Counsel, New York (Drake A. Colley of counsel), for appellant.
Susan Jacobs, Center for Family Representation, Inc., New York (Emily S. Wall of counsel), for Ayesha A., respondent.
Law Offices of Randall S. Carmel, Syosset (Randall S. Carmel of
counsel), for Reggie U., respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Judith Waksberg of counsel), attorney for the children Isis U., Asiarah U., Ariayah U. and Ahriel U.
Steven Feinman, White Plains, attorney for the children Angelicah U. and Ahzahriah U.
Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about April 7, 2014, which, following a hearing pursuant to Family Court Act § 1028, inter alia, directed that the subject children be released to the custody of respondent mother Ayesha A. and respondent father Reggie U., upon respondents' demonstration of compliance with certain conditions, and that they have unsupervised visitation with the children in the interim, unanimously affirmed, without costs.
The court providently exercised its discretion in determining that, provided respondents demonstrated compliance with conditions relating to the condition of the home and provision of appropriate education and medical care for the children, return of the children to their parents would not present an imminent threat to the children's life or health (Family Ct Act § 1028[a]; see Nicholson v Scoppetta, 3 NY3d 357 [2004]). Any imminent risk to the children was minimized by requiring respondents to first demonstrate compliance with those conditions, and by the other conditions of the order which, among other things, directed that the agency must be permitted to enter the home, that the children must continue to attend school or be home-schooled as approved by the Department of Education, and that the children must consistently be seen by an identified medical provider and their medical history documented (see Matter of Aliyah B. [Denise J.], 87 AD3d 943 [1st Dept 2011]; Matter of Natalie L. [Lisette A.], 79 AD3d [*2]487 [1st Dept 2010]). Additionally, the court's decision was in the children's best interest, in light of the harm inflicted on the children from their continued removal (id. at 488). Finally, the court did not
abuse its discretion in directing unsupervised visitation in the interim, in that none of the problems posed by respondents would pose a risk to the children during an unsupervised visit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2014
DEPUTY CLERK