Matter of J.R.M.-C. (Antonio M.) (2019 NY Slip Op 07742)





Matter of J.R.M.-C. (Antonio M.)


2019 NY Slip Op 07742


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10231A 10231

[*1] In re J.R.M.-C., and Others, Children under Eighteen Years of Age, etc., Antonio M. Respondent-Appellant, The of Administration for Children's Services, Petitioner-Respondent.


Law Office of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about July 11, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about May 7, 2018, which found that respondent father neglected the subject children by committing acts of domestic violence against their mother, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect was supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]; Matter of Tammie Z., 66 NY2d 1, 3 [1985]). The testimony of the non-respondent mother and ACS caseworker at fact-finding demonstrated that on February 4, 2017, at about 3:00 a.m., the father neglected the three subject children by grabbing the mother by the throat, pushing her against the wall and choking her while they were in the family's apartment and while at least one child, the eldest child, was aware of what was transpiring because she "yelled, stop, poppy, stop" (see Matter of AnnMarie S.W. [Raheem Sandford W.], 160 AD3d 548, 549 [1st Dept 2018]).
The eldest child's out-of-court statement that she saw the father choking the mother and yelled for him to stop as testified to by the caseworker was supported by the mother's testimony about the February 4, 2017 incident (see Matter of Jamya C. [Jermaine F.], 165 AD3d 410, 410 [1st Dept 2018]; Matter of Aliyah B. [Denise J.], 87 AD3d 943, 943 [1st Dept 2011]). The mother's testimony and the eldest child's out-of-court statement that all three children were in the apartment during the February 4, 2017 incident were also supported by the father's testimony (see Matter of Isaiah D. [Mark D.], 159 AD3d 534, 535 [1st Dept 2018]). Although the father denied that the eldest child yelled for him to stop during the February 4, 2017 incident, he testified that the child had said something similar before.
Contrary to the father's contention, exposure to even a single instance of domestic violence may be a proper basis for a finding of neglect. Here, the children were in imminent danger of physical impairment due to their proximity to the violence directed at the mother and because the father's actions exposed them to a risk of substantial harm (see Matter of Bobbi B. [Bobby B.], 165 AD3d 587, 587 [1st Dept 2018]; Matter of Cristalyn G. [Elvis S.], 158 AD3d 563, 564 [1st Dept 2018]). Although the father maintains that the Family Court erred in [*2]concluding that the mother's and the caseworker's testimony were more credible than his, there is no reason to disturb the court's evaluation of the evidence, including its credibility determinations (see Matter of Ilene M., 19 AD3d 106, 106-107 [1st Dept 2005]; Matter of Jared S. [Monet S.], 78 AD3d 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK