Matter of Amberlina V. (Alexis R.) (2020 NY Slip Op 06078)





Matter of Amberlina V. (Alexis R.)


2020 NY Slip Op 06078


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Dkt. No. NN-26053/17 Appeal No. 12199-12199A Case No. 2019-04252 

[*1]In re Amberlina V., A Child Under Eighteen Years of Age, etc., Alexis R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Bruce A. Young, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.
Karen Freedman, Lawyers for Children, New York (Shirim Nothenberg of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Patria Frias-Colon, J.), entered on or about September 23, 2019, to the extent it brings up for review a fact-finding order of the same court and Judge, entered on or about August 8, 2019, which found that respondent- mother neglected the subject child, unanimously affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding that the child was educationally neglected by the mother is supported by a preponderance of the evidence (Family Ct Act 1012 [f][i][A]). Contrary to the mother's contention, the subject child, who turned five years old in January 2016, resided in New York City, and was enrolled in kindergarten for the 2016-2017 school year. She was therefore required to attend school (see Education Law § 3205[2][c]; NY City Dept of Educ, Reg of Chancellor A-210, Standards for Attendance Programs, Abstract [1][A] [September 28, 2017]; Matter of Olivia J.R. [Marianette R.], 168 AD3d 433, 434 [1st Dept 2019]). During the 2016-2017 school year, the child missed 47 out of 176 days of school and was late 68 out of 176 days. The mother's claims that these were medically excused absences were, for the most part, not documented by doctors notes or other documentary support provided to the school. Evidence of excessive unexcused absences from school will support a finding that the child was in imminent danger of becoming impaired (see Matter of Aliyah B. [Denise J.], 87 AD3d 943 [1st Dept 2011]).
Further, a preponderance of the evidence supports the Family Court's determination that the mother neglected the child based on her failure to provide adequate dental care. The child suffered from a dental condition that was only addressed after the father took control. We see no reason to disturb the Family Court's decision to credit the father's testimony that the child's dental condition became worse after she spent time with the mother.
The mother's argument that her constitutional rights were violated are unpreserved for appellate review, and we decline to review in the interest of justice. As an alternate holding, we find that the mother's contention that her right to counsel was violated is expressly foreclosed by our holding in Matter of X. McC. [R.O.], 140 AD3d 662, 663 [1st Dept 2016]. Moreover, as the mother herself concedes, her attendance at the child safety conference was voluntary and she felt free to leave at any time, rendering any analogy with a custodial interrogation unavailing.
We have reviewed the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020