Matter of Jesiel C. V. (Rosalie V.) (2020 NY Slip Op 07521)





Matter of Jesiel C. V. (Rosalie V.)


2020 NY Slip Op 07521


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Docket No. NN-09542-43/19 Appeal No. 12631 Case No. 2020-00154 

[*1]In the Matter of Jesiel C. V., and another, Children Under the Age of Eighteen Years, etc., Rosalie V. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid society, New York (Riti P. Singh of counsel), attorney for the children.



Order of fact-finding and disposition (one paper), Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about October 29, 2019, which, after a hearing, determined that respondent-appellant mother neglected the subject children and released them to the care of respondent father with 12 months of ACS supervision and issued an order of protection barring the mother from living in his home, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding of neglect. There is no dispute that the mother educationally neglected the older child — she enrolled him in kindergarten and he had 56 unexplained absences (see Matter of Amberlina V. [Alexis R.], 187 AD3d 658 [1st Dept 2020]; Matter of Olivia J.R. [Marianette R.], 168 AD3d 433, 434 [1st Dept 2019]). The mother also left the children, who were then five and three years old, alone in her apartment for about 15 minutes, and such conduct placed them in imminent danger of physical or emotional harm and constituted neglect even though they were unharmed (see Matter of Malachi H. [Dequisa H.], 125 AD3d 478 [1st Dept 2015]). Although there was some evidence presented during the fact-finding hearing that the mother's neighbor had agreed to watch the children through her apartment door peephole, it cannot be seriously argued that such arrangements adequately provided for the children's safety while the mother was away from the home (see Matter of Irene O., 38 NY2d 776 [1975]). In addition, a preponderance of the evidence supports the Family Court's finding that the children's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of the mother's long-standing history of mental illness and resistance to treatment (see Matter of Christopher R. [Lecrieg B.B.], 78 AD3d 586, 586-587 [1st Dept 2010]). The evidence showed that the mother was repeatedly observed engaging in bizarre and aggressive behavior towards ACS's staff as testified to by the caseworkers assigned to the family, and the mother admitted to being diagnosed with bipolar disorder when she was eight years old but stopped complying with mental health services because she did not feel like she needed them (see Matter of Caress S., 250 AD2d 490 [1st Dept 1998]).
Finally, we find that the Family Court providently exercised its discretion in determining that the children's best interests required the mother's exclusion from the home because the evidence showed that she had left the children unattended in the apartment and was denying that she required services (see Matter of Jayden C. [Luisanny A.], 126 AD3d 433, 433-434 [1st Dept 2015]. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020