Matter of La. J. (L. J.) (2025 NY Slip Op 01575)

Matter of La. J. (L. J.)

2025 NY Slip Op 01575

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. NN-20389/23|Appeal No. 3923|Case No. 2024-02856|

[*1]In the Matter of La. J., A Child Under Eighteen Years of Age, etc., L. J. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (CholÉ K. Moon of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (E. Grace Park, J.), entered on or about March 18, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about February 13, 2024, which found that respondent mother neglected the subject child by misusing alcohol and failing to provide the child with adequate education, unanimously modified, on the law and the facts, to vacate the neglect finding based upon the misuse of alcohol, and otherwise affirmed, and the appeal from that portion of the order of disposition which placed the child in the custody of the Commissioner of Social Services until the next permanency hearing, unanimously dismissed, without costs, as moot.
Petitioner did not satisfy its burden of proving, by a preponderance of the evidence, that the mother neglected the child based upon her repeated abuse of alcohol. There was no evidence that she "lost self-control during repeated bouts of excessive drinking, and such evidence is necessary to trigger the presumption of neglect under Family Court Act § 1046 (a)(iii)" (Matter of G.B. [Gary B.], 227 AD3d 581, 582-583 [1st Dept 2024], quoting Matter of Caleah C.M.S. [Calvin S.], 174 AD3d 457, 457 [1st Dept 2019]). While there was credible testimony that the mother, on at least two occasions, behaved inappropriately or caused a scene, there was nothing presented to demonstrate that she was intoxicated at the time.
The finding that the child was educationally neglected by the mother is supported by a preponderance of the evidence (see Family Court Act § 1012[f][i][A]). The child, who turned seven in 2022, resided in New York City, and was enrolled in kindergarten for the 2022-2023 school year. She was therefore required to attend school (see Education Law § 3205[2]][c]; NY City Dept of Educ, Regulation of Chancellor A-210, Standards for Attendance Programs, Abstract [1][A] [Sept. 28, 2017]; Matter of Amberlina V. [Alexis R.], 187 AD3d 658, 658-659 [1st Dept 2020]). During the 2022-2023 school year, the child was absent from school 73 times and late 30 times. While the mother argued during fact-finding that some of those were medically excused absences, they were not documented by doctors' notes or other documentary support provided to the school. Evidence of excessive unexcused absences from school supports a finding that the child was in imminent danger of becoming impaired (see Matter of Aliyah B. [Denise J.], 87 AD3d 943, 943 [1st Dept 2011]).
The mother's argument that the best interests of the child mandated that the child be released to her care has been rendered moot by subsequent orders which superseded the dispositional order at issue here, and which ultimately released the child to her care.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025