■■■ In the Matter of Virginia C., a Child Alleged to be Neglected. Sharri A., Appellant; Administration for Children Services, Respondent. [930 NYS2d 565]—

Family Court providently exercised its discretion in admitting respondent's testimony on cross-examination that she used cocaine after the petition was filed. Respondent opened the door to such evidence by testifying on direct examination that, prior to the filing of the petition, she had left several drug treatment programs and had not tested positive for drugs, and by falsely testifying on cross-examination that she had never used drugs after completing such a program (*see People v Massie*, 2 NY3d 179, 184-185 [2004]; *Matter of Ashley X.*, 50 AD3d 1194, 1196 [2008]). In any event, even if Family Court improperly admitted the postpetition evidence, such error was harmless. The court based its finding of derivative neglect on respondent's failure to complete a drug treatment program, not her postpetition drug use (*see Matter of Brianna R. [Marisol G.]*, 78 AD3d 437, 438 [2010], *lv denied* 16 NY3d 702 [2011]).

A preponderance of the evidence supports Family Court's finding that respondent derivatively neglected the subject child (*see* Family Ct Act § 1046 [a] [i]). There were two prior orders finding that respondent had neglected her other children, and respondent admitted that she failed to complete a required drug treatment program (*see Matter of Jocelyn S.,* 30 AD3d 273 [2006]).

The appeal from the order of protection is dismissed as moot, because the period it was to be in effect has expired (*see Matter of Deivi R. [Marcos R.],* 68 AD3d 498, 499 [2009]). However, were that not the case, the order of protection would have to be vacated as having been made without evidentiary basis and without affording respondent an opportunity to be heard.

We have considered respondent's remaining contentions and find them unavailing. Concur—Catterson, J.P., Richter, Manzanet-Daniels and Román, JJ.