(November 10, 2015)

■ In the Matter of NASHAWN DEZMEN C. and Another, Children Alleged to be Neglected. TEMIKIA C., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [18 NYS3d 846]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about August 12, 2014, which, after a fact-finding hearing, determined that respondent mother had neglected the subject children, unanimously reversed, on the law and the facts, without costs, the finding of neglect vacated, and the petition dismissed.

Petitioner failed to demonstrate by a preponderance of the evidence that the mother had educationally neglected the chil-

dren (*see* Family Ct Act §§ 1012 [f]; 1046 [b] [i]). Respondent testified that the children were late to school because it took over an hour to travel from their shelter to the children's school, and because the shelter's rules prevented her from leaving the shelter before 6 a.m. Respondent ultimately succeeded in transferring to a shelter closer to the school, and the children's attendance improved (*see Matter of Brianna R. [Maribel R.]*, 115 AD3d 403, 404-405 [1st Dept 2014]).

Moreover, petitioner failed to show that the lateness placed the children in imminent danger of impairment, since there was no evidence of a causal link between the lateness and the children's academic performance (*see Nicholson v Scoppetta*, 3 NY3d 357, 368-370 [2004]; *Matter of Giancarlo P.*, 306 AD2d 28, 28-29 [1st Dept 2003]). Although there are some problems in some of the children's grades, child M. received mostly grades of satisfactory. Child C. received a mix of grades of satisfactory, needs improvement, and unsatisfactory. However, child C. was diagnosed with several learning and other disabilities, which may have been the cause of his difficulties. Further, respondent obtained help for child M. by enrolling her in math tutoring and a therapy program, and she obtained help for child C.'s special needs and learning disabilities (*see Giancarlo P.*, 306 AD2d at 28-29; *see also Brianna R.*, 115 AD3d at 404-405).

We find that the mother exercised the minimum degree of care required in light of the significant and numerous obstacles present for each child, and thus, the finding of educational neglect was unwarranted. Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.