■ In the Matter of CHASTITY O.C., a Child Alleged to be Neglected. ANGIE O.C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. In the Matter of ANGIE O., a Child Alleged to be Neglected. MARIA C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [24 NYS3d 610]—

Order of fact-finding and disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about July 24, 2014, which, insofar as appealed from as limited by the briefs, determined, after a hearing, that respondent mother Maria C. had neglected the subject child, Angie O., unanimously reversed, on the law and the facts, without costs, the neglect finding vacated and the petition dismissed. Appeal from order of dismissal, same court and Judge, entered on or about July 24, 2014, unanimously dismissed, without costs, as abandoned. Order of fact-finding and disposition, same court and Judge, entered on or about July 24, 2014, which, insofar as appealed from as limited by the briefs, determined, after a hearing, that respondent mother Angie O.C. had neglected the subject child, Chastity O.C., unanimously affirmed, without costs.

Petitioner Administration for Children's Services (ACS) failed to demonstrate by a preponderance of the evidence that respondent Maria educationally or medically neglected her teenage daughter, Angie (*see Matter of Alyanna C. [Rene B.]*, 110 AD3d 458, 459 [1st Dept 2013]). The record shows that Maria faced formidable obstacles, including a language barrier and Angie's violent and destructive behavior, that made it exceedingly difficult for her to get Angie to attend school (*see Matter of Alexander D.*, 45 AD3d 264, 266 [1st Dept 2007]). Further, the evidence shows that, at the time the petition was filed, Angie was not in imminent danger as a result of any failure by Maria to attend to Angie's medical needs (*see id.*). Although Maria did not succeed in getting Angie into a drug treatment program, she believed that Angie had stopped using drugs and alcohol during her pregnancy, and she attended therapy with Angie to address those and other issues. Moreover, when Maria and Angie were engaged in services, ACS closed the case.

The evidence of Angie's admitted drug use during pregnancy, including testing positive for marijuana at the time of her daughter Chastity's birth, was sufficient to sustain a neglect

finding against her (see Matter of Omarion T. [Isha M.], 128 AD3d 583, 583 [1st Dept 2015]). In addition, a presumption of neglect was triggered by the evidence of Angie's substantial history of drug and alcohol abuse, including at least one occasion when she overdosed and blacked out, for which she never engaged in treatment (see Family Ct Act § 1046 [a] [iii]; Matter of Arthur S. [Rose S.], 68 AD3d 1123 [2d Dept 2009]). Angie failed to rebut this presumption; her participation in therapy with Maria was not a substitute for a drug treatment program, and the lack of actual harm to Chastity is irrevelant (see Arthur S. at 1124).

The record does not show that Family Court relied on Angie's postpetition behavior in making its neglect finding against her (see Matter of Virginia C. [Sharri A.], 88 AD3d 514, 514 [1st Dept 2011]). Further, Family Court properly denied her motion to sever the fact-finding hearings regarding her and Maria, given that the two actions are related, arise from a common set of facts and involve the same witnesses, and Angie has failed to show any prejudice (Williams v Property Servs., 6 AD3d 255 [1st Dept 2004]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.