Matter of Ashley S. (Rebecca S.-C.) (2018 NY Slip Op 00251)





Matter of Ashley S. (Rebecca S.-C.)


2018 NY Slip Op 00251


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5451

[*1]In re Ashley S., and Others, Children Under the Age of Eighteen Years, etc. Rebecca S.-C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Neal D. Futerfas, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about August 8, 2016, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 7, 2016, which, after a hearing, found that respondent mother neglected three of her children and derivatively neglected the fourth child, unanimously affirmed, without costs.
The Family Court's finding that the mother medically neglected Nayleen by failing to seek prompt medical attention for her serious, second-degree burn and then failing to comply with the doctor's instructions for follow-up care, was supported by the record (see Family Ct Act [FCA] § 1012[f][i][A]; Matter of Hofbauer, 47 NY2d 648, 654-655 [1979]; Matter of R./C. Children, 303 AD2d 172, 172 [1st Dept 2003]). Unlike the cases cited by respondent mother (see Matter of Vallery P. [Jondalla P.], 106 AD3d 575, 575 [1st Dept 2013]; Matter of Alexander D., 45 AD3d 264, 264-265 [1st Dept 2007]), the injuries at issue here were not "minor."
The finding that the mother medically neglected the infant Juan by failing to ensure that he consistently received proper dosages of medication, which was prescribed in relation to a potentially serious or terminal illness, was also supported by the record (see Matter of Joelle T. [Laconia W.], 140 AD3d 513, 514 [1st Dept 2016]). The mother failed to preserve for appellate review her contention that the Family Court improperly granted the agency's request to conform the pleadings to the proof and, in any event, her argument is unavailing (see Matter of Madison M. [Jennifer P.], 140 AD3d 631, 632 [1st Dept 2016]; Matter of Richard S. [Lacey P.], 130 AD3d 630, 632-633 [2d Dept 2015], lv denied 26 NY3d 906 [2015]; Matter of Michelle S., 195 AD2d 721, 722 [3d Dept 1993]).
Because the medical neglect findings as to Nayleen and Juan were proper, the finding of derivative neglect as to Shawn based thereon was likewise proper (see Matter of R./C. Children at 172).
Finally, the finding that the mother educationally neglected Ashley was supported by the record (see FCA § 1012[f][i][A]). Ashley was absent 22 times and late 36 times between September 2014 and February 2014, and only 11 of these absences were attributable to illness (see Matter of Aliyah B. [Denise J.], 87 AD3d 943, 943 [1st Dept 2011]). Unlike the cases relied upon by the mother, here, there was no evidence of any obstacles to attendance or other explanation for the absences (see Matter of Chastity O.C. (Angie O.C.), 136 AD3d 407, 407 [1st [*2]Dept 2016]; Matter of Nashawn Dezmen C. (Temikia C.), 133 AD3d 434, 434-435 [1st Dept 2015]; Alexander D., 45 AD3d at 264). Moreover, the record reflects that Ashley was demonstrating developmental and academic delays (see Matter of Jonathan M. (Gilda L.), 139 AD3d 438, 438-439 [1st Dept 2016]). It is reasonable to conclude that
these delays were exacerbated by her excessive absences (see Matter of Annalize P. (Angie D.), 78 AD3d 413, 414 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK