Matter of Yumara T. (Raymond K.) (2020 NY Slip Op 03744)





Matter of Yumara T. (Raymond K.)


2020 NY Slip Op 03744


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


90/17 11758A 11758

[*1] In re Yumara T., and Others, Children Under Eighteen Years of Age, etc., Raymond K., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about April 23, 2019, insofar as it brings up for review a fact-finding order, same court (Monica D. Shulman, J.), entered on or about June 19, 2018, which, after a trial, found that respondent abused and neglected the child Y.S.T. and derivatively abused and neglected the other subject children, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Respondent argues that the court deprived him of due process by making its findings pursuant to the theory of res ipsa loquitur, because the pleadings were not conformed to the proof, and he was not on notice that the court would consider the theory. The court's findings of fact were made in accordance with the rebuttable presumption permitted pursuant to FCA 1046 [a][ii]. While the Court of Appeals has long held that this statutory presumption is analogous to res ipsa loquitur (Matter of Philip M., 82 NY2d 238 [1993]), application of a statutory, presumption is a matter of evidence and need not be set out in the petition (see generally Guide to NY Evid. rule 3.01, Presumptions;
https:/www.nycourts.gov/JUDGES/evidence/3-PRESUMPTIONS/3.01_PRESUMPTIONS_CIVIL.pdf). Respondent was not deprived of due process because the court's findings were not based on facts of a wholly different character from that of the facts alleged in the petition or a situation in which respondent was deprived of an opportunity to prepare an answer to newly asserted claims (see e.g. Matter of Malachi B. [Windell B.], 155 AD3d 492 [1st Dept 2017]; Matter of Arianna S. [Virginia R.], 111 AD3d 461 [1st Dept 2013]). The court's findings were based on medical records from June through August 2017, which, although they post-date the petition, document the very same wrongdoing as is alleged in the petition, i.e., sexual abuse of Y.S.T. Respondent was aware of these records, which showed that Y.S.T. had tested positive for chlamydia, a sexually transmitted disease, by October 25, 2017, when petitioner moved them into evidence, and he was aware of the court's theory of the case on November 15, 2017, when his motion to dismiss was denied. Fact-finding was then adjourned for more than six months, to May 24, 2018, before respondent presented his case.
A preponderance of the evidence supports the finding that respondent abused Y.S.T. (see Family Court Act § 1046[a][ii]; 1046[b][i]). A prima facie case of abuse may be established by evidence of an injury to a child that would ordinarily not occur in the absence of an act or omission of the responsible caretakers (Family Court Act § 1046[a][ii]; see Matter of Philip M., [*2]82 NY2d at 243). Unexplained sexually transmitted disease in a child is evidence of sexual abuse (Matter of Philip M., supra).
Respondent argues that there is no proof that Y.S.T. had a sexually transmitted disease, no proof that even if she had chlamydia she was in his care when she contracted it, and no proof that she was not sexually active when she was in the care of others. His contention that the sworn, certified medical records should not have been admitted is unavailing (see Family Court Act § 1046[a][iv]). The court properly presumed that Y.S.T. was in respondent's care when she contracted the disease, based on the testimony of the child's mother, which respondent failed to rebut, that respondent lived in their home for 12 years. Respondent's contention that since Y.S.T. reached the age of puberty and attended an inner city public school she must have engaged in sexual activity with peers is rank speculation.
A preponderance of the evidence supports the neglect finding based on respondent's use of alcohol "to the extent that he loses self-control of his actions" (Family Court Act § 1012[f][i][B]; see id. § 1046[a][iii]). Petitioner's child protective specialist testified that respondent told her that, due to alcohol use, he could not recall whether he had abused Y.S.T. and that he routinely drank to the point of passing out. Respondent cites his testimony disputing petitioner's witness's account of what he told her, but the court's credibility determinations are entitled to deference, and we see no basis for disturbing them (see Matter of Puah B. [Autumn B.], 173 AD3d 422, 424 [1st Dept 2019], appeal dismissed 33 NY3d 1117 [2019]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK