Matter of Melanie J.A. (Ramon J.) (2023 NY Slip Op 05653)

Matter of Melanie J.A. (Ramon J.)

2023 NY Slip Op 05653

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Docket No. NN-05231/22 Appeal No. 974 Case No. 2022-05333 

[*1]In the Matter of Melanie J.A., A Child Under Eighteen Years of Age, etc., Ramon J., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order of fact-finding and disposition (one paper) of the Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about October 26, 2022, which, after a hearing, determined that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding of neglect was proven by a preponderance of the evidence (see Family Court Act § 1046[b][i]). The testimony established that the child's emotional and mental condition was impaired or in imminent danger of being impaired by the child's exposure to repeated acts of domestic violence committed by the father against the mother (see Matter of Terrence B., 171 AD3d 463, 463 [1st Dept 2019]). In each one of the incidents, the violence took place either in the child's presence or in close proximity to the child, thus creating a reasonable inference that the child was in imminent danger of physical impairment (see Matter of Tyjaa E. [Kareem McC.], 157 AD3d 420, 420 [1st Dept 2018]; Matter of Andru G. [Jasmine C.], 156 AD3d 456, 457 [1st Dept 2017]). Moreover, because the child was crying during one of the incidents, it is reasonable to infer that the child was aware of and emotionally impacted by the violence (see Matter of Jermaine K.R. [Jermaine R.], 176 AD3d 648, 649 [1st Dept 2019]). The court properly credited the mother's testimony in making its findings, and there is no basis to disturb those credibility determinations (see Matter of Heily A. [Flor F—Gustavo A., 165 AD3d 457, 457 [1st Dept 2018]).
In addition, the father's history of alcohol misuse, including at least one occasion where he brandished a knife in front of the mother and the child while intoxicated, constituted prima facie evidence of neglect (see Family Court Act § 1046[a][iii]; Matter of Kimora D. [Joseph C.], 176 AD3d 638, 640 [1st Dept 2019]). The father never received treatment for his alcohol misuse, and lack of actual harm to the child is not sufficient to rebut the prima facie case of neglect on this basis (see id.; Matter of Chastity O.C. [Angie O.C.], 136 AD3d 407, 408 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023