Matter of I.L.A. (Kiomara A.) (2024 NY Slip Op 06113)

Matter of I.L.A. (Kiomara A.)

2024 NY Slip Op 06113

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Docket No. NN-06481/22 Appeal No. 3159 Case No. 2023-04448 

[*1]In the Matter of I.L.A., A Child Under Eighteen Years of Age, etc., Kiomara A., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Law Office of Bryan Greenberg, LLC, New York (Bryan Greenberg of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order of fact-finding, Family Court, Bronx County (Karen M.C. Cortes, J.), entered on or about August 21, 2023, which, after a hearing, found that the respondent mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother neglected the child (Family Court Act § 1046[b][1]). The admissible evidence, including 911 calls placed by the mother's adult son support the finding that the child's emotional and mental condition was impaired or in imminent danger of being impaired when the mother, while intoxicated, engaged in an act of domestic violence against the adult son in the presence of the child (see Matter of Jermaine K.R. [Jermaine R.], 176 AD3d 648, 649 [1st Dept 2019]). In addition, the adult son's 911 call, as well as statements made by the child to a caseworker, support the finding that the mother neglected the child by regularly drinking to excess without participating in or completing an alcohol treatment program (see Family Court Act § 1046 [a][iii]; Matter of Melanie J.A. [Ramon J.], 221 AD3d 421, 422 [1st Dept 2023]).
The 911 calls from the adult son in which he reported that the mother hit him in the face and chased him with a pocketknife were properly admitted into evidence as excited utterances, which do not require corroboration (see Matter of Taveon J. [Selina T.], 209 AD3d 417, 418 [1st Dept 2022], lv denied, 39 NY3d 904 [2022]). The mother does not deny that the recording of her own 911 call, in which she repeatedly stated that she would beat the adult son if he did not leave, was properly admitted into evidence. The court also properly considered the child's initial statements to the caseworker that the mother slapped the adult son and drank alcohol to the point that she forgot things and needed help walking (id.). To the extent the child's later statements to ACS were inconsistent with her initial statements, the credibility issues were properly resolved by Family Court (see Matter of Rahmel G. [Carlene G.], 201 AD3d 567, 568 [1st Dept 2022]). Family Court's finding that the mother's testimony, in which she denied that she hit the adult son during the recent incident or in the past, or that she drank alcohol in the child's presence, was not credible, is entitled to deference on appeal (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of Emily S. [Jorge S.], 146 AD3d 599, 600 [1st Dept 2017]).
Contrary to the mother's contention, the court properly admitted into evidence orders issued in prior neglect proceedings in which Family Court found that the mother neglected the adult son by inflicting excessive corporal punishment (Matter of Ricardo M. J. [Kiomara A.], 143 AD3d 503 [1st Dept 2016]). Proof of neglect as to one child is admissible evidence of neglect as to another child (see Family Court Act § 1046[a][i]). Although petitioner did not seek to establish that the child was derivatively neglected based on the mother's prior neglect of [*2]the adult son, the prior orders were relevant to show the history of the mother's use of violence against him, and they support Family Court's determination that the mother's testimony lacked credibility.
We have considered the mother's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024