Matter of K.W. (S.C.)

2026 NY Slip Op 02081

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of K.W., a Child Under Eighteen Years of Age, etc., S.C., Respondent, M.W., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Decided and Entered: April 07, 2026

Docket No. NN-07960/20|Appeal No. 6273|Case No. 2024-06024|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.

Dawne A. Mitchell, The Legal Aid Society, New York (Daniel Abdul-Malak of counsel), attorney for the child.

[*1]

Order, Family Court, New York County (Keith E. Brown, J.), entered on or about September 25, 2024, which, after a fact-finding hearing, determined that appellant father neglected the subject child, unanimously affirmed, without costs.

Family Court's determinations that the father's testimony was not credible, but that the testimony of the Administration for Children Services (ACS) worker, the maternal grandmother, and the mother of the child's two older half-siblings was credible and consistent are entitled to deference, and we see no reason for disturbing them (see Matter of Yumara T. [Raymond K.], 185 AD3d 429, 431 [1st Dept 2020]).

Family Court properly found that the father neglected the child by unexpectedly leaving the child with the maternal grandmother in March 2021, without shoes, extra clothing, or sufficient diapers, and did not return to pick up the child. Also, the father was repeatedly intoxicated to the point of losing self-control (see Family Court Act § 1046[a][iii]; Family Court Act §§ 1012[f][i][B], [f][ii]; Matter of Nassair S. [Chareshma T.], 144 AD3d 604, 604-605 [1st Dept 2016]; Matter of Chastity O.C. [Angie O.C.], 136 AD3d 407, 408 [1st Dept 2016]).

Family Court's finding of neglect is further supported by the father's actions following a court ordered visitation in August 2022 where he behaved erratically and admitted he was intoxicated while caring for the child, exposing the then three-year-old child to instability and potential harm (see Matter of Genesis Q. [Viviana L.], 206 AD3d 473, 473 [1st Dept 2022]; Matter of Caleah C.M.S. [Calvin S.], 174 AD3d 457, 458 [1st Dept 2019]). It is of no moment that the child did not suffer actual harm during that particular incident (see Matter of Pedro C. [Josephine B.], 1 AD3d 267, 268 [1st Dept 2003]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026