■ In the Matter of DAQUAN D. and Others, Children Alleged to be Permanently Neglected. KIM D., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent. [795 NYS2d 552]—

Orders of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about July 11, 2003, which, upon findings of permanent neglect, terminated the parental rights of respondent mother to Daquan D., Dominique H., Jamel C., and David H. and committed custody and guardianship of those children to petitioner for the purpose of adoption, unanimously affirmed, without costs.

The record supports the finding that the child care agency made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [f]). Although respondent was initially enrolled in a drug treatment and parenting skills program by her parole officer, took up residence with her sister and was visiting with her children, this state of affairs did not last and the case worker was subsequently thwarted in his attempts at rendering further assistance. The record confirms that the case worker's efforts, which included correspondence and visits to respondent's last known address, discussions with her family and scheduling case conferences, were frustrated by respondent's lack of cooperation (*see Matter of Sheila G.*, 61 NY2d 368, 385 [1984]). The court's findings of permanent neglect turned largely on credibility assessments. We ordinarily defer to such assessments and perceive no basis in the present record to except from this practice (*see Matter of Shevonne S.*, 188 AD2d 528, 529 [1992]).

The dispositional determination, that freeing the four children for adoption was in their best interests, was supported by a preponderance of the evidence (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Respondent had been incarcerated for most of the children's lives and they had been in foster care either from birth or early infancy. In view of respondent's prolonged and continuing failure to take the steps necessary to her assumption of custodial parenting responsibilities, the court's disposition represents the children's best chance to grow up in a stable, nurturing familial environment. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Catterson, JJ.