■ In the Matter of PATRICE S., a Child Alleged to be Neglected. KAREN B., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [882 NYS2d 409]—

Order, Family Court, New York County (Sara P. Schechter, J.), entered on or about February 22, 2007, which found that respondent mother had neglected the subject child, and order, same court and Judge, entered on or about December 21, 2007, which, inter alia, changed the child's permanency goal from return to parent to placement for adoption, unanimously affirmed, without costs.

A preponderance of the evidence supported the finding of neglect (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]). The record shows that the mother's behavior posed a threat to the emotional well-being of her eight-year-old daughter, as she was repeatedly hostile towards her daughter, who had a history of behavioral problems, and made repeated statements that she could not handle her daughter and suggested, in front of her daughter, that others should take her if they thought they could do a better job of raising her (*see Matter of Jessica R.*, 230 AD2d 108 [1997]). Despite her own emotional volatility and history of mental health issues, the mother refused to consider anger

management, mental health, or parenting services for herself. While the mother denied many of the allegations of misconduct against her, the court implicitly discredited her testimony, and its credibility assessment is entitled to deference (*see Matter of Daquan D.*, 18 AD3d 363, 364 [2005]), and is supported by the record. The evidence pointed towards a causal relationship between the mother's hostile behavior and her daughter's emotional troubles, and supported the court's finding that the mother's volatile and emotionally abusive conduct placed her daughter at imminent risk of harm (*see Matter of Nichelle McF.*, 23 AD3d 209 [2005]).

The mother's argument that the court erred in changing the child's permanency planning goal without consulting the child is unavailing, as the amendment to Family Court Act § 1089 (d) mandating age-appropriate consultation took effect only after the issuance of the permanency hearing order, which was proper under the law in effect at the time it was issued. By the time of the hearing in December 2007, the child had been in foster care for over 22 months, and in such circumstances, the Social Services Law provides for the filing of a petition to terminate parental rights, absent a showing of compelling reasons that termination would not be in the child's best interests (*see* Social Services Law § 384-b [3] [*l*] [i]). During that time, the mother continued to engage in the sort of hostile behavior that led to the initial finding of neglect and refused during this time period to undergo the intensive psychotherapy recommended by the agency as a means of improving her behavior. The record thus supported the finding that a change of goal to adoption was in the child's best interests at that time (*see Matter of Jennifer R.*, 29 AD3d 1003, 1004-1005 [2006]; *Matter of Amanda C.*, 309 AD2d 744 [2003]).

We note that, subsequent to the Family Court's hearings and decisions, the mother has undergone extensive psychotherapy, that she and Patrice have participated in family therapy and that a new permanency hearing has been scheduled. Concur— Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.