■ In the Matter of ASHANTI R., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FELICIA R., Appellant. (Proceeding No. 1.) In the Matter of AJEE R., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FELICIA R., Appellant. (Proceeding No. 2.) In the Matter of TYJIRI R., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FELICIA R., Appellant. (Proceeding No. 3.) In the Matter of SARAI R., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FELICIA R., Appellant. (Proceeding No. 4.) [888 NYS2d 130]—

In four related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Davidson, J.), entered June 16, 2008, which, after a hearing, determined that she had neglected the subject children, placed the child Ashanti R. in the custody of the Commissioner of Social Services, and placed the children Ajee R., Tyjiri R., and Sarai R. in the custody of their maternal aunt.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the child Ashanti R. in the custody of the Commissioner of Social Services is dismissed as academic, as Ashanti R. has reached 18 years of age; and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

A neglected child is one whose "physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as" a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care "in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]; see Matter of Chanika B., 60 AD3d 671, 671-672 [2009]). A single incident may suffice to sustain a finding of neglect (see Matter of Sheneika V., 20 AD3d 541 [2005]; Matter of Victoria CC., 256 AD2d 931, 932 [1998]). With respect to issues of credibility, the findings of the hearing court, which saw

and heard the witnesses, are accorded deference (*see Matter of Steven Glenn R.*, 51 AD3d 802, 803 [2008]).

Contrary to the mother's contention, the evidence was sufficient to establish by a preponderance of the evidence that she neglected the subject children. In addition to the evidence of an incident that occurred in the early morning hours of September 19, 2006, which alone was sufficient to support the finding of neglect, we note also that the mother had previously engaged in a pattern of erratic conduct toward the children that demonstrated her inability to protect them from future harm (*see Matter of Lester M.*, 44 AD3d 944, 945 [2007]).

The mother's remaining contentions are either unpreserved for appellate review or without merit. Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.