■ In the Matter of ASSATA P., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; REGINA S., Appellant. (Proceeding No. 1.) In the Matter of BRYCE S., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; REGINA S., Appellant. (Proceeding No. 2.) [961 NYS2d 586]—

In two related neglect proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Westchester County (Schauer, J.), dated March 25, 2011, which, after a hearing, found that she had neglected the subject children, and (2) an order of disposition of the same court dated April 20, 2011, which directed that the subject children remain in the custody of the Commissioner of the Westchester County Department of Social Services.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

A neglected child is one whose "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]; *see Matter of Joseph A. [Fausat O.]*, 91 AD3d 638, 639-640 [2012]; *Matter of Ashanti R.*, 66 AD3d 1031, 1031 [2009]).

Here, contrary to the mother's contention, the Family Court properly found that she neglected the subject children. The evidence at the fact-finding hearing established, inter alia, that the mother exhibited erratic behavior which included leaving the subject child Assata, who was then 16 years old, home alone while she traveled to North Carolina with the subject child Bryce, without knowing how long she would be away, without a place to stay, and without sufficient funds to return home. Prior to leaving, the mother told Assata that she had to leave because "the government was going to kill her." While in North Carolina, the mother refused to seek medical treatment for Bryce, who had hurt himself, resulting in a report from the Central Register of Child Abuse and Maltreatment of the New York State Office of Children and Family Services.

In addition, Assata testified that, in traveling to North Carolina, the mother spent the money that was supposed to be for school clothing, transportation, and supplies for Assata and Bryce. Further, the child protective services caseworker testified that the mother believed that people were out to kill her, and that the mother said that her sister-in-law had put out a hit on

her, that she was on "the terrorist list," and that the CIA was out to get her. The mother indicated that she was "tired of living this life where people are constantly after her." Assata told the caseworker that as a result of the mother's fear of the neighborhood in which she lived and "constantly thinking someone's out to get her," the mother "wastes the money on going [to] motels."

Thus, a preponderance of the evidence at the hearing established that the children's physical, mental, or emotional condition had been or was in imminent danger of becoming impaired as a result of the mother's conduct (*see* Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]; *Matter of James S. [Kathleen S.]*, 88 AD3d 1006, 1007 [2011]; *Matter of Ashanti R.*, 66 AD3d 1031, 1032 [2009]). Balkin, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.