Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about November 4, 2011, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, found that respondent-appellant mother had neglected the subject child, unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about March 20, 2012, upon the mother’s default, unanimously dismissed, without costs, as taken from a nonappealable paper. Order, same court and Judge, entered on or about April 23, 2012, which denied the mother’s petition for modification of the order of disposition, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). The record shows that, despite evidence of the father’s untreated mental illness and aggressive and violent behavior towards the mother and others, the mother refused domestic violence services and would allow the father to have primary decision-making responsibility for the child’s care, placing the child in imminent danger of impairment (see Family Ct Act § 1012 [f] [i] [B]; see also Matter of Angelique L., 42 AD3d 569, 572 [2d Dept 2007]; Matter of Alaina E., 33 AD3d 1084, 1086 [3d Dept 2006]). Although the mother denied that she had told anyone that she was frightened of the father and that he had abused her verbally, financially and physically, the court determined that her testimony was incredible, and its credibility assessment should be given deference (see Matter of Daquan D., 18 AD3d 363, 364 [1st Dept 2005]).
The court properly granted petitioner agency’s motion to amend the petition to conform to the evidence. The record demonstrates that the mother had ample notice of the new allegations and an opportunity to respond (see Matter of Madison H. [Demezz H.—Tabitha A.], 99 AD3d 475, 476 [1st Dept 2012]). Given the efforts of the court to ensure that the mother had enough time to defend against the new allegations, her contention that the court was biased is not supported by the record.
To the extent the mother appeals from the order of disposition, no appeal lies from an order entered on default (see Matter of Lisa Marie Ann L. [Melissa LJ, 91 AD3d 524, 525 [1st Dept 2012]). Contrary to the mother’s contention, she defaulted at the dispositional hearing upon her unexplained failure to appear (see Matter of Natalie Maria D. [Miguel D.], 73 AD3d 536, *549 537 [1st Dept 2010]). Although her attorney was present for the dispositional hearing, she had no explanation as to why the mother was not present and did not state that she was authorized to proceed in the mother’s absence (cf. Matter of Bradley M.M. [Michael M.—Cindy M.], 98 AD3d 1257, 1258 [4th Dept 2012]).
There is no basis for vacating the default (see Matter of Lisa Marie Ann L., 91 AD3d at 525).
Concur—Mazzarelli, J.P., DeGrasse, Abdus-Salaam, Manzanet-Daniels and Clark, JJ.