In the Matter of BRIAN T. and Another, Infants. JEANNETTE F. et al., Appellants; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [994 NYS2d 120]—

Orders of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about May 20, 2013, which, upon a fact-finding determination that respondents parents had permanently neglected the subject children, terminated their parental rights to the subject children, and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

The findings that respondents permanently neglected the subject children are supported by clear and convincing evidence (*see* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). The agency provided an adequate foundation for admission of the case records, through the testimony of a caseworker familiar with the agency's record-keeping practices (*see Matter of Breeana R.W. [Antigone W.]*, 89 AD3d 577 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]; CPLR 4518 [a]), and the records establish that the agency made diligent efforts to strengthen respondents' relationship with the children by scheduling regular visitation and referring them to multiple parenting skills and anger management programs, as well as sex abuse therapy for respondent father (*see* Social Ser-

vices Law § 384-b [7] [f]; *Matter of Breeana*, 89 AD3d at 578). Although the parents completed some of the required services, they did not complete all of them, and they failed to consistently visit the children or to gain insight into the reasons for the children's placement into foster care (*see Matter of Sheila G.*, 61 NY2d 368 [1984]; *Matter of Dina Loraine P. [Ana C.]*, 107 AD3d 634, 634 [1st Dept 2013]).

A preponderance of the evidence supports the finding that termination of respondents' parental rights is in the children's best interests (*see Matter of Emily Jane Star R. [Evelyn R.]*, 117 AD3d 646 [1st Dept 2014]). The children were placed into foster care more than nine years ago, after the underlying neglect findings regarding the sex abuse of the mother's daughter by respondent father, and have remained with the same foster mother who has cared for them and provided a stable home. The children have expressed their preference to be adopted (*see id.*). A suspended judgment is not appropriate under the circumstances. It would result in unnecessarily prolonging the children's time in foster care and perpetuate a situation of uncertainty (*see Matter of Isabella Star G.*, 66 AD3d 536 [1st Dept 2009]).

We have considered respondents' remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Andrias and Clark, JJ.