■ In the Matter of X. McC. and Others, Children Alleged to be Neglected. R.O., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. In the Matter of A.O. and Another, Children Alleged to be Neglected. R.O., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [33 NYS3d 722]—

Orders, Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about September 19, 2014, which after fact-finding determinations that respondent had sexually abused and neglected one of the subject children and had derivatively

abused and neglected the other subject children, released the children to the mother, and directed respondent to, among other things, enroll and successfully complete sex offender and batterer's accountability programs, unanimously affirmed, without costs.

A preponderance of the evidence supports Family Court's determination that respondent, the biological father of two of the subject children and a person legally responsible for the other subject children, sexually abused the oldest subject child, then 12 years old, in violation of Penal Law §§ 130.52 (1), 130.55 and 130.60 (2) (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]). The child's out-of-court statements were corroborated by respondent's admissions at a child safety conference (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]). Moreover, Family Court properly drew a negative inference against him based on his failure to testify at the fact-finding hearing (*Matter of Jazmyn R. [Luceita F.]*, 67 AD3d 495 [1st Dept 2009]).

Respondent failed to preserve for appellate review his argument that his constitutional rights were violated because petitioner agency prohibited counsel from attending the child safety conference. In any event, the argument is unavailing, since, among other things, the right to counsel under Family Court Act § 262 (a) does not attach in Family Court proceedings until the first court appearance by respondent, which occurred after the child safety conference.

A preponderance of the evidence supports Family Court's determination that respondent neglected the oldest subject child by inflicting excessive corporal punishment through the use of a belt that left bruises and marks on her body (*see* Family Ct Act § 1012 [f] [i] [B]; *see also Matter of Aniya C. [Michelle C.]*, 99 AD3d 478, 479 [1st Dept 2012]).

The derivative abuse and neglect findings as to the other subject children, including respondent's biological children, were also supported by a preponderance of the evidence (*see Matter of Nhyashanti A. [Evelyn B.]*, 102 AD3d 470 [1st Dept 2013]).

Family Court properly ordered respondent to attend a batterer's and sex offender program, given the evidence of domestic violence and his sexual abuse of the oldest child.

We have considered respondent's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.