Matter of Elizabeth E.R.T. (Alicia T.--Mary McD. R.) (2019 NY Slip Op 00179)





Matter of Elizabeth E.R.T. (Alicia T.--Mary McD. R.)


2019 NY Slip Op 00179


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8073

[*1]In re Elizabeth E.R.T., and Others, Children Under the Age of Eighteen Years, etc., Alicia T., etc., Respondent-Appellant, Mary McD. R., Respondent, Catholic Guardian Services, Petitioner-Respondent, Commissioner of Social Services for the City of New York, Petitioner.


Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.



Order of fact-finding and disposition (one paper), Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about January 30, 2018, insofar as it determined, after a hearing, that respondent mother neglected the subject children, unanimously affirmed, without costs.
The permanent neglect finding is supported by clear and convincing evidence (see Social Services Law [SSL] § 384-b[3][g][i], [7][a]; Matter of Star Leslie W., 63 NY2d 136, 140 [1984]). The record reflects that the agency made "diligent efforts to strengthen and encourage a parental relationship" (see SSL § 384-b[7][f]; Star Leslie W., 63 NY2d at 144). The agency scheduled weekly visitation, provided the mother with Metrocards, developed and communicated an appropriate service plan, requested paperwork to "clear" the mother's husband of child sexual abuse allegations, gave the mother a housing referral, repeatedly reminded the mother of the importance of vacating the Connecticut order transferring guardianship of the children to her maternal grandmother, and assisted her in completing the requisite paperwork (see Matter of Antonio James L. [Eric David L.], 156 AD3d 554, 554 [1st Dept 2017]). The agency was not required to file the papers on the mother's behalf, nor would it have had standing to do so.
Yet, despite the agency's diligent efforts, the record reflects that the mother failed for the requisite period "substantially and continuously or repeatedly to maintain contact with or plan for the future of the children" (see SSL § 384-b[7][a]; Matter of Sheila G., 61 NY2d 368, 380 [1984]). The mother admitted that she voluntarily surrendered her guardianship rights to the grandmother and never filed the paperwork to vacate the guardianship order; that she was present in the home during the period when the grandmother was found to have neglected the children but failed to notice any issues; and that she used illegal drugs at least once and was psychiatrically hospitalized on multiple occasions. The agency's progress notes further demonstrated that the mother failed to obtain a mental health evaluation, lied about being in therapy, had a more extensive history of psychiatric hospitalization and drug abuse, failed to maintain suitable housing, withdrew her custody petition in January 2015 because she was not [*2]ready to have custody of the children, and failed to complete the necessary paperwork to clear her husband of the child sexual abuse allegations. They also reflect that, while initially consistent and appropriate, the mother's visits became increasingly inconsistent and her behavior increasingly less appropriate.
The mother objects that the agency relied solely on the allegedly hearsay progress notes instead of offering the testimony of agency caseworkers with personal knowledge. However, the progress notes were not the sole evidence supporting the permanent neglect finding, which was also supported by the mother's own testimony. Moreover, insofar as the mother failed to object to the admission of the progress notes at the hearing, any challenge to their admissibility is not preserved for review (see Matter of Brooklyn S. [Stafania Q.- Devin S.], 150 AD3d 1698, 1700 [4th Dept 2017], lv denied 29 NY3d 919 [2017]; Matter of Isaiah R., 35 AD3d 249 [1st Dept 2006]). In any event, the progress notes were properly admitted under the business records exception to the hearsay rule (see CPLR 4518[a]; Matter of Baby Boy S., 251 AD2d 165, 165 [1st Dept 1998]) and the agency properly relied on them to meet its burden (see Matter of Brian T. [Jeannette F.], 121 AD3d 500, 500 [1st Dept 2014]; Matter of Omea S. [William S.], 100 AD3d 495, 495-496 [1st Dept 2012]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK