Matter of Anthony V. (Savas F.) (2019 NY Slip Op 07591)





Matter of Anthony V. (Savas F.)


2019 NY Slip Op 07591


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2018-11426
 (Docket No. N-18699-17)

[*1]In the Matter of Anthony. (Anonymous). Suffolk County Department of Social Services, respondent; Savas F. (Anonymous), appellant.


Glenn Gucciardo, Northport, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (Jacklyn N. Aymong of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated September 5, 2018. The order, insofar as appealed from, upon a decision of the same court dated July 16, 2018, after a fact-finding hearing, determined that the father neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The Suffolk County Department of Social Services (hereinafter the Agency) filed a neglect petition against the father, alleging that he neglected the subject child by, among other acts, attempting to forcibly rape the mother on the same bed where the child was sleeping. Following a fact-finding hearing, by decision dated July 16, 2018, the Family Court found that the father neglected the child. By order of fact-finding and disposition dated September 5, 2018, the court determined that the father neglected the child and released the child to the custody of the mother with supervision by the Agency. The father appeals from so much of the order as determined that he neglected the subject child.
"[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [citation omitted]; see Family Ct Act § 1012[f][i][B]). "A single act of domestic violence in the presence of a child, or within the hearing of a child, may be sufficient for a neglect finding" (Matter of Jihad H. [Fawaz H.], 151 AD3d 1063, 1064 [citation omitted]; see Matter of Sapphire G. [*2][Samarj L.G.], 136 AD3d 687, 687; Matter of Ashanti R., 66 AD3d 1031, 1032). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Oliver A. [Oguis A.-D.], 167 AD3d 867, 868; see Matter of Symphani F.G. [Otis G.], 162 AD3d 1020, 1021).
Here, we agree with the Family Court's determination that the father neglected the child by attempting to forcibly rape the child's mother on the same bed where the child was sleeping, thereby impairing, or creating an imminent danger of impairing, the child's physical, mental, or emotional condition (see Matter of Najaie C. [Niger C.], 173 AD3d 1011, 1012; Matter of Moises G. [Luis G.], 135 AD3d 527; Matter of Madison M. [Nathan M.], 123 AD3d 616). The evidence demonstrated that the child woke up during the father's attack on the mother, cried, and vomited on himself. Furthermore, contrary to the father's contention, the court's determination as to the mother's credibility is supported by the record and will not be disturbed on appeal (see Matter of
Oliver A. [Oguis A.-D.], 167 AD3d at 868; Matter of Symphani F.G. [Otis G.], 162 AD3d at 1021).
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court