Matter of Alethia R. (Jaynie T.J.) (2021 NY Slip Op 01218)





Matter of Alethia R. (Jaynie T.J.)


2021 NY Slip Op 01218


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Docket No. NN15977-78/17 Appeal No. 13216 Case No. 2019-03437 

[*1]In the Matter of Alethia R. and Another, Children Under Eighteen Years of Age, etc., Jaynie T.J., Respondent-Appellant, Commissioner of Social Service of the City of New York, Petitioner-Respondent.


Law Office of Bruce A. Young, New York (Bruce A. Young of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Order of fact-finding and disposition, Family Court, New York County (Patria Frias-Colon, J.), entered on or about July 30, 2019, which, to the extent appealed from as limited by the briefs, found that respondent mother neglected her older child and derivatively neglected her younger child, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's determination that respondent neglected her daughter by verbally abusing her, which posed a threat to her emotional well-being (see e.g. Matter of Patrice S., 63 AD3d 620 [1st Dept 2009]; Matter of Michele S. [Yi S.], 157 AD3d 551, 552 [1st Dept 2018], lv denied 34 NY3d 904 [2018]), and by barring her from the home without making alternative arrangements for her shelter and care (see Matter of Shawntay S. [Stephanie R.], 114 AD3d 502 [1st Dept 2014]; Matter of Jason G. [Pamela G.], 126 AD3d 489 [1st Dept 2015]).
A preponderance of the evidence supports the court's determination that respondent derivatively neglected her younger, autistic, son for whom the daughter provided care, by excluding the daughter from the home and by verbally disparaging her in the son's presence (see Matter of Jasmine G. [Pamela G.], 147 AD3d 593, 593-594 [1st Dept 2017], lv dismissed 29 NY3d 1024 [2017]; Matter of Ivania L.V. [Liz C.], 139 AD3d 542, 543 [1st Dept 2016]).
Respondent's argument that her constitutional rights were violated is unpreserved for appellate review and in any event unavailing (see Matter of Amberlina V. [Alexis R.], 187 AD3d 658 [1st Dept 2020], citing Matter of X. McC. [R.O.], 140 AD3d 662 [1st Dept 2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021