Matter of Princess A. E. (Shaleyah E.) (2021 NY Slip Op 02292)





Matter of Princess A. E. (Shaleyah E.)


2021 NY Slip Op 02292


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-06515
 (Docket No. N-18971-18)

[*1]In the Matter of Princess A. E. (Anonymous). Administration for Children's Services, respondent; Shaleyah E. (Anonymous), appellant.


Catherine S. Bridge, Staten Island, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (MacKenzie Fillow and Jessica Miller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding of the Family Court, Queens County (Diane Costanzo, J.), dated May 2, 2019. The order, after a fact-finding hearing, found that the mother neglected the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child. After a fact-finding hearing, the Family Court determined that the mother neglected the child by inflicting excessive corporal punishment upon her. The mother appeals.
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Elisa V. [Hung V.], 159 AD3d 827, 828; see Family Ct Act §§ 1012[f][i]; 1046[b]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). Contrary to the contentions of the mother and of the attorney for the child, a preponderance of the evidence supports the Family Court's finding that the mother neglected the child by inflicting excessive corporal punishment upon her, especially in view of the age of the child, who was less then two years old at the time of the excessive corporal punishment (see Family Ct Act § 1012[f][i][B]; Matter of Tarelle J. [Walter J.], 152 AD3d 593, 595; Matter of Sylvia G. [Barbara G.], 113 AD3d 498, 499; Matter of Ashanti R. [Felicia R.], 66 AD3d 1031, 1032; cf. Matter of Anastasia L.D. [Ronald D.], 113 AD3d 685, 687; Matter of Chanika B., 60 AD3d 671, 672).
Evidence of the mother's conduct after the neglect petition was filed was admitted with adequate notice to the mother, and was relevant to the issues in the case, including the mother's credibility. The admission of that evidence was not an improvident exercise of discretion (see [*2]Matter of LeVonn G., 20 AD3d 530).
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court