Matter of L.V.M. (Simon S.) (2023 NY Slip Op 06597)

Matter of L.V.M. (Simon S.)

2023 NY Slip Op 06597

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. NA-06340/21, NA-06341/21 Appeal No. 1280-1280A Case No. 2022-05602 

[*1]In the Matter of L.V.M. and Another Children Under the Age of Eighteen Years, etc., Simon S., Respondent, Maria D., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lauren O'Brien of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.

Orders, Family Court, Bronx County (Robert Hettleman, J.), entered on or about November 21, 2022, to the extent they bring up for review a fact-finding order, same court and Judge, entered on or about November 18, 2022, which found that the subject children L.V.M. and M.D.M. are abused children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeals from the November 21, 2o22 orders.
The preponderance of the evidence supports the findings of abuse. Family Court properly found the children's out-of-court statements reliable and corroborated. Family Court Act § 1046(a)(vi) "states a broad flexible rule providing that out-of-court statements [of a child] may be corroborated by '[a]ny other evidence tending to support' their reliability. . . . Family Court Judges presented with the issue have considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated" (Matter of Nicole V., 71 NY2d 112, 118-119 [1987]). Each child described a similar pattern of sexual abuse by the stepfather, where he would touch their breasts and genitals with his hands, often after he had been drinking. They both described instances of abuse in their bedroom, and on the parents' bed where the family would gather. We find they cross-corroborate each other's accounts (see e.g. Matter of M.J. [Felicia J.], 216 AD3d 601, 602 [1st Dept 2023]; Matter of J.A.W. [Lance W.], 216 AD3d 480, 481 [1st Dept 2023]; Matter of A'Keria A.H. [Kenneth Q.H.], 179 AD3d 482, 483 [1st Dept 2020]; see also Matter of Astrid C., 43 AD3d 819, 820-821 [2d Dept 2007]). There are also adequately individualized aspects to each child's account to support Family Court's determination that their testimony was not scripted or coached (see Matter of Kimberly C.C. v Gerry C.C., 86 AD3d 728, 730 [3d Dept 2011]).
The children's statements were also corroborated by other evidence. Both parents acknowledged the family would lie together in bed, and the mother stated she sometimes left to go shower, thereby leaving the stepfather and children alone together. This corroborates the children's description of abuse on the bed and M.'s account that, when the stepfather abused her when she was six, he did so while the mother showered and stopped when she returned (see Matter of M.S. [Andrew S.], 198 AD3d 547, 548 [1st Dept 2021]; Matter of A.P. [M.P.], 183 AD3d 535, 536 [1st Dept 2020]).
The stepfather and mother argue that absent from each child's statement was a description of having witnessed abuse of the other, even though the children reported that certain abuse occurred in the other's presence. However, the evidence reflects, at a minimum, that M. was aware of and reported that L. had been abused. Child Protective Specialist (CPS) Turner testified at fact-finding that M. told her that L. had told her that she had also been abused by the stepfather[*2], one night on which he had also abused M. in the girls' bedroom. Moreover, according to Family Court and ACS's descriptions of a July 14, 2021 forensic interview with the children, M. stated the stepfather had "touched both her and her sister."
The parents argue that the children had reason to lie because they opposed or were jealous of the mother's marriage to the stepfather. Family Court properly found that this alleged motive was "neither serious nor specific enough" for the children to have fabricated the severe misconduct alleged here. The mother also maintains the children's statements were unreliable since she never witnessed any abuse. However, that ignores M.'s assertion that, during the incident when she was six, the stepfather stopped abusing her when the mother emerged from the shower.
The mother tries to discredit the children's statements of having reported the abuse to her by challenging the accuracy of the translation of the notes she wrote to L. during a July 12, 2021 video call. According to the court interpreter, such statements included "if you tell the worker about this . . . you will be in foster care," and "do not tell your godparents anything about this." Notably, the mother does not specify which words were incorrectly translated. Moreover, even if there were problems with the translation, the mother's argument ignores other evidence that she instructed the children not to disclose the abuse to others. CPS Turner testified that L. reported to her that, during the July 12, 2021 video call, the mother asked her to tell M. not to speak to ACS or her therapist about the allegations. Furthermore, in her brief to this Court, the mother acknowledges that, at fact-finding, she testified to having told L. to recant.
The parents argue Family Court improperly considered CPS Turner's statements concerning M.'s demeanor, averring Turner is not an expert equipped to testify whether such demeanor corroborated the reports of abuse. However, testimony by a nonexpert concerning a child's demeanor can be admissible (see e.g. Matter of Jolieanna G. [Jennifer G.], 202 AD3d 622, 623 [1st Dept 2022]). Their remaining arguments as to the inadequacy of evidence are unavailing, as neither the mother nor the stepfather identify any element of ACS's case that was not proven due to these supposed inadequacies. Nor do they offer grounds to revisit Family Court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]; Matter of AnnMarie S.W. [Raheem Sandford W.], 160 AD3d 548, 548 [1st Dept 2018]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023