Matter of K.M. (O.M.) (2024 NY Slip Op 03011)

Matter of K.M. (O.M.)

2024 NY Slip Op 03011

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Docket No. NN-04961/22, NN-04960/22, NN-04959/22 Appeal No. 2419 Case No. 2023-03130 

[*1]In the Matter of K.M. and Others, Children Under Eighteen Years of Age etc., O.M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, S.W., Intervenor-Respondent.

Larry S. Bachner, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for Children.

Amended order of fact-finding and disposition (one paper), Family Court, Bronx County (Cynthia Lopez, J.), entered on or about May 24, 2023, which, to the extent appealed from, found that appellant father neglected the subject children, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that, after picking up the children in his vehicle, the father neglected the children by inflicting excessive corporal punishment upon two of them, in the presence of a third child who was caused to cry (see Family Ct Act §§ 1012[f][i][B]; 1046[a][i]). The children's out-of-court statements to an ACS caseworker as reflected in progress notes admitted into evidence was supported by the mother's testimony as to her own observation of one child's injury to her upper lip (see Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 420 [1st Dept 2017]; Matter of Jazmyn R. [Luceita F.], 67 AD3d 495 [1st Dept 2009]).
Contrary to the father's contention, the ACS progress notes were properly admitted under the business records exception to the hearsay rule (see CPLR 4518[a]). The testimony of ACS's caseworker established that the progress notes were made in the ordinary course of ACS's business and that ACS has a statutory duty to maintain a comprehensive case record for the children, containing reports of any transactions or occurrences relevant to their welfare (see Matter of Adonis H. [Enerfry H.], 198 AD3d 478, 479 [1st Dept 2021]). The caseworker's testimony also established that she was an ACS employee and was familiar with the agency's record-keeping practices (see Matter of Brian T. [Jeannette F.], 121 AD3d 500, 500 [1st Dept 2014]).
Regardless of whether the father had a valid reason for disciplining his daughter for refusing to answer his question as to how she got a mark on her face, the descriptions of his violence toward her and towards her sister, who tried to intervene, reflect that the discipline was not appropriate and went well beyond any common-law right to use reasonable force to control his children (see Matter of Jermaine J. [Howard J.], 121 AD3d 437, 438 [1st Dept 2014]; Matter of Joseph C. [Anthony C.], 88 AD3d 478, 479 [1st Dept 2011]). The fact that the upper lip injury did not require medical treatment and was the result of single incident does not preclude a finding of excessive corporal punishment (see Matter of L.H.R. [Y.L.—Q.L.R.], 222 AD3d 414, 415 [1st Dept 2023]; Matter of Cevon W. [Talisha W.], 110 AD3d 542, 542 [1st Dept 2013]). The court, in its discretion and in light of the credible evidence, properly rejected the father's denials of excessive corporal punishment as to the February 17, 2022 incident, and there is no basis to disturb that credibility determination on appeal (see Matter of Ivahly M. [Jennifer L.], 159 AD3d 423, 424 [1st Dept 2018]). Furthermore, there are "adequately individualized" aspects to each child's account to support Family Court's determination that their statements were [*2]not scripted or coached (see Matter of L.V.M. [Simon S.], 222 AD3d 560, 561 [1st Dept 2023]).
The evidence that the father used excessive corporal punishment against two of his daughters in the February 2022 incident is admissible on the issue of neglect of his third child (see Family Ct Act § 1046[a][i]). That evidence supports a finding that the father derivatively neglected the third child, who was in the vehicle, witnessed the father smack and punch his sisters, and was caused to cry (see Matter of Rahmel G. [Carlene G.], 201 AD3d 567, 568 [1st Dept 2022]; Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]).
In addition, the ACS progress notes contained the children's statements reporting that the father inflicted excessive corporal punishment on each of them while they were staying in his home during the summer of 2021, including locking one child in a room without food and hitting another with a belt. These statements, although involving separate incidents, provide cross-corroboration to the extent that each child stated that the father used excessive and inappropriate corporal punishment (see Matter of Serenity G. v Modi K., 171 AD3d 588, 588 [1st Dept 2019]). The children's statements concerning these incidents undermine any argument by the father that the February 2022 incident was a single or isolated incident of reasonable discipline (see Matter of Jayden R. [Jacqueline C.], 134 AD3d 638, 638 [1st Dept 2015]).
Finally, the father's claim that the mother's fact-finding testimony should not have been admitted because it constituted improper bolstering is not preserved for appellate review, and we decline to review it (see Matter of Ashley B. [Laney K.], 2 AD3d 1402, 1403 [4th Dept 2003], lv denied 2 NY3d 702 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024