Matter of Avery L. (Adeline E.)
2026 NY Slip Op 03675
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Avery L. (Anonymous). Administration for Children's Services, respondent;
v
Adeline E. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2025-01928, 2025-01929, (Docket No. N-5956-23)
Betsy Barros, J.P.
Lillian Wan
Donna-Marie E. Golia
Elena Goldberg Velazquez, JJ.

Richard Cardinale, Brooklyn, NY, for appellant.
Steven Banks, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Diana Lawless of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Zoë Allen of counsel), attorney for the child.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Eric S. Pitchal, J.), dated November 6, 2024, and (2) an order of disposition of the same court dated January 30, 2025. The order of fact-finding, after a fact-finding hearing, found that the mother neglected the subject child. The order of disposition, upon the order of fact-finding, placed the subject child in the custody of the nonrespondent father.
ORDERED that the appeal from the order of fact-finding is dismissed, as that order was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed the subject child in the custody of the nonrespondent father is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
In March 2023, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother neglected the subject child, in that the child's physical, mental or emotional condition had been impaired or was in imminent danger of becoming impaired, inter alia, by the mother's infliction of verbal and emotional abuse upon the child. In an order of fact-finding dated November 6, 2024, after a fact-finding hearing, the Family Court found that the mother neglected the child. In an order of disposition dated January 30, 2025, the court placed the child in the custody of the nonrespondent father. The mother appeals from the order of fact-finding and the order of disposition.
The appeal from the order of fact-finding must be dismissed because the order of fact-finding was superseded by the order of disposition. The issues raised on the appeal from the order of fact-finding are brought up for review on the appeal from the order of disposition (see Matter of Harmony H.[Welton H.], 148 AD3d 1019, 1019-1020). Additionally, the appeal from so much of the order of disposition as placed the child in the custody of the father must be dismissed as academic, as the child attained the age of 18 during the pendency of this appeal (see id.; Matter of Ashanti R., 66 AD3d 1031, 1031).
In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner must establish by a preponderance of the evidence (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368; Matter of Asani J. [Assata A.], 245 AD3d 711, 712). Unsworn out-of-court statements of the child may be received and, if properly corroborated, will support a finding of abuse or neglect (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118; Matter of Winter D. [Rueben], 244 AD3d 848, 849). The child's statements may be corroborated by any other evidence tending to support their reliability (see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d at 118; Matter of Winter D. [Rueben], 244 AD3d at 849). The Family Court has considerable discretion in deciding whether a child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse (see Matter of Nicole V., 71 NY2d at 119; Matter of Winter D. [Rueben], 244 AD3d at 849).
Here, a preponderance of the evidence supports the Family Court's determination that the mother neglected the child by inflicting verbal abuse which posed a threat to the child's emotional well being (see Matter of Alethia R. [Jaynie T.J.], 191 AD3d 615, 615; Matter of Michele S. [Yi S.], 157 AD3d 551, 552; Matter of Kathleen K., 66 AD3d 683, 684; Matter of Patrice S., 63 AD3d 620, 620). The child's out-of-court statements that the mother constantly denigrated the child, that the mother told him that she wished he was dead, and that he did not feel safe in his mother's home and wished to live with the father were sufficiently corroborated by the father's testimony, a screenshot of text messages between the mother and the child, and the child's hospital records (see Matter of Michele S.[Yi S.], 157 AD3d at 552; Matter of Z'naya D.J [Vanessa J.]., 141 AD3d 651, 652). Although the mother denied the allegations against her, the court's finding that she was not a credible witness is entitled to deference (see Matter of Sarah W. [Barbara G.F.], 122 AD3d 931, 932; Matter of Kathleen K., 66 AD3d at 684).
BARROS, J.P., WAN, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court