Matter of Gc.M. (Jose M.)
2026 NY Slip Op 03758
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Gc.M. and Others, Children Under Eighteen Years of Age, etc., Jose M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Decided and Entered: June 16, 2026
Docket No. NA-32179/23, NA-32180/23, NA-32181/23, NA-32182/23|Appeal No. 6891|Case No. 2025-05707|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

Reiniger Law Firm, New York (Douglas H. Reiniger of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.
Aleza Ross, Patchogue, attorney for the children Gc.M., Gy.M. and K.C.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child D.C.

[*1]
Amended order of fact-finding and disposition (one paper) of the Family Court, Bronx County (Rantideva Singh, J.), entered on or about September 3, 2025, which, to the extent appealed from as limited by the briefs, determined after a hearing that appellant sexually abused D.C. and derivatively abused his biological children, Gc.M. and Gy.M., and his stepchild K.C., unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that appellant abused D.C. by committing the offenses of rape in the third degree under Penal Law § 130.25(7), sexual abuse in the third degree under Penal Law § 130.55, and forcible touching under Penal Law § 130.52 (see Family Ct Act §§ 1012[e][iii][A]; 1046[b][i]; Matter of X. McC. [R.O.], 140 AD3d 662, 663 [1st Dept 2016]). Appellant does not dispute that D.C.'s out-of-court statements to the child's treating psychologist regarding the abuse are independently admissible (see Matter of I.M. [R.L.], 233 AD3d 544, 545 [1st Dept 2024]).
In any event, Family Court providently exercised its discretion in determining that the statements were adequately corroborated. D.C. disclosed to the child's mother and to various officials, including the Child Protective Specialist who investigated the case for respondent Administration for Children's Services, that appellant touched the child inappropriately, both over and under the child's clothing, and that he had been doing so for a period of several years. Further, D.C.'s various accounts of the abuse were consistent and were corroborated not only by the testimony of the child's mother and the Child Protective Specialist, but also by evidence of changes in D.C.'s behavior and demeanor, including self-harm (see id. at 546). D.C.'s statements were also corroborated by appellant's admission that, even after moving out of the family home in 2019, he continued to spend time in the apartment, including overnights, during the relevant time period, and by his testimony that he was present in the home on or about August 11, 2023, the day that D.C. stated the latest incident occurred (see Matter of M.S. [Andrew S.], 198 AD3d 547, 548 [1st Dept 2021]; see also Matter of A.P. [M.P.], 183 AD3d 535, 536 [1st Dept 2020]).
Contrary to appellant's contention, there is no requirement that petitioner present an expert witness to establish the child's PTSD symptoms (see Matter of L.V.M. [Simon S.], 222 AD3d 560, 562 [1st Dept 2023]), nor is the absence of a physical injury to the child fatal to a finding of sexual abuse (see Matter of Skylean A.P. [Jeremiah S.], 136 AD3d 515, 515 [1st Dept 2016], lv denied 27 NY3d 907 [2016]).
[*2]
Based on the totality of the circumstances, Family Court appropriately inferred appellant's intent to gain sexual gratification from his conduct (see Matter of Maria S. [Angel A.], 185 AD3d 437, 437 [1st Dept 2020]). Additionally, we find no basis to disturb the court's credibility determinations (see Matter of Brittney B. [Marcelo B.], 211 AD3d 426, 426 [1st Dept 2022]).
Family Court also properly found that appellant derivatively abused the other three children, including his biological children. The evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in appellant's understanding of his duties as a parent and such an impaired level of judgment on his part as to create a substantial risk of harm for any child in his care (see Matter of M.S., 198 AD3d at 548).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026